UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARYBETH DINARDI ) | |
| ) | Case Number |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL COMPLAINT |
| ) | |
| USCB CORPORATION ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |
| ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Marybeth DiNardi, by and through her undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

## I. INTRODUCTORY STATEMENT

1. Plaintiff, Marybeth DiNardi (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

## III. PARTIES

4. Plaintiff, Marybeth DiNardi ("Plaintiff") is an adult natural person with a mailing address of 1304 Barnett Street; Philadelphia, PA 19111.

5. Defendant, USCB Corporation. ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 101 Harrison Street, Archbald, PA 18403-1961.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In and around October 2008, Plaintiff signed up for online school courses with Penn Foster.

8. Plaintiff lost her job and could not continue to pay for her courses and is currently disputing the balance.

9. In and around August 2009, Plaintiff started receiving numerous telephone calls to her cell phone from Defendant.

10. Defendant threatened that she (agent name unknown), would not stop calling until this debt was paid off.

11. Plaintiff again explained that she was unable to fit payment into her current budget.

12. Plaintiff asked Defendant to please stop contacting her cell phone due to her being at her place of employment and she was being charged for each call.

13. On or about October 10, 2009, Defendant's agent, "Robert", informed Plaintiff that if she did not make a payment immediately there would be consequences.

14. Defendant's agent, "Robert", never gave a Mini-Miranda or stated that the telephone calls were being recorded.

15. On or about October 19, 2009 Defendant's agent, "Robert" called Plaintiff telling her among other things that "she is stupid" and "does not know the law."

18. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

19. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and

their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

20. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

21. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

22. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### COUNT 1 – FDCPA

23. The above paragraphs are hereby incorporated herein by reference.

24 At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

|  |  |  |
|---|---|---|
| | §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| | §§ 1692d(6): | Place telephone calls without disclosing his/her identity |
| | §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, USCB Corporation, for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

### V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: November 6, 2009     BY: /s/Brent F. Vullings
                           Brent F. Vullings, Esquire
                           Warren & Vullings, LLP
                           1603 Rhawn Street
                           Philadelphia, PA 19111
                           215-745-9800   Fax 215-745-7880
                           Attorney for Plaintiff